UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

ANGELIA LACY,

    PLAINTIFF,

VS.                                                          CIVIL ACTION NO.:

CITY OF HUNTSVILLE, ALABAMA,
an Alabama Municipal Corporation,
HUNTSVILLE CITY COUNCIL,
DEVYN KEITH, FRANCES AKRIDGE,
JENNIE ROBINSON, WILL CULVER, and
BILL KLING, JR., in their official capacities as
Members of the HUNTSVILLE CITY COUNCIL,

    DEFENDANTS.

## COMPLAINT

### PARTIES

1. Plaintiff, Angelia Lacy (hereinafter "Lacy" or "Plaintiff"), is a female citizen of the United States and a resident of Madison County, Alabama, and has so resided at the times material hereto.

2. Defendant City of Huntsville (hereinafter "Huntsville") is an Alabama municipal corporation created and existing by virtue of the laws of the state of Alabama and is empowered to act through its governing body, its officials, employees and official bodies. Huntsville's principal place of business is 308 Fountain Circle, Huntsville, Alabama 35801. Huntsville is a government within the meaning of 42 U.S.C. §2000cc-5(4)(A), and is subject to the jurisdiction of this Court.

3. Defendant Huntsville City Council (hereinafter "City Council") is the body which addresses employment disciplinary matters for persons employed by Huntsville. The City Council is subject to the jurisdiction of this Court.

4. Defendants, Devyn Keith, Frances Akridge, Jennie Robinson, Will Culver, and Bill Kling, Jr. are members on the Huntsville City Council in Huntsville, Alabama who hear and decide employment actions appeals and are subject to the jurisdiction of this Court.

### JURISDICTION and VENUE

5. This Court has original federal question jurisdiction over Plaintiff's claims of violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e et. seq., and 42 U.S.C. § 1981a (hereinafter Title VII).

6. This Court has personal jurisdiction over Defendants because Defendants reside and conduct business in the State of Alabama.

7. Venue is proper under 42 U.S.C. §1391 as to all Defendants because the proposed site is located within this District, and the acts described herein occurred within this District.

## CONDITIONS PRECEDENT

8. Plaintiff has satisfied all conditions precedent. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC). The EEOC provided the Plaintiff with a right to sue letter.

## STATEMENT OF FACTS

9. Plaintiff is an African American female.

10. Plaintiff began her employment with Defendant on or about February 25, 1997.

11. Plaintiff was the driver of a City Transit Bus on or about August 22, 2018.

12. Plaintiff was traveling westbound on Longwood Drive, S.W., Huntsville, Alabama when she had to suddenly stop the bus because a truck traveling ahead of her abruptly stopped in her lane in violation of Ala. Code Sections 32-5A-133(a), (b) and (c), 32-5A-137(a)(1)g, and Huntsville Municipal Ordinance - Section 25-202 through 25-205. See Exhibit A, Exhibit B, and Exhibit C.

13. One or more passengers on the bus were injured when the bus came to an abrupt stop. Any passenger who may have been injured was due to the passenger not wearing a seat belt that was provided to the passenger if the passenger opted to wear a seat belt. The decision to wear or not wear a seat belt was the ultimate decision of every person who rides a transit bus of the City of Huntsville. See Exhibit D.

14. On or about September 27, 2018, Defendant issued a Request for Formal Disciplinary Hearing indicating that disciplinary action of suspension for more than ten (10) days, demotion, or termination was being considered as a result of the August 22, 2018 incident. Defendant also requested a Formal Hearing. See Exhibit E.

15. The Formal Hearing occurred on or about November 8, 2018 in front of a Hearing Officer, Attorney William B. Tatum.

16. As the Hearing Officer, Attorney Tatum's sole responsibility was to determine the facts associated with the incident on August 22, 2018.

17. The Attorney Tatum published his Findings of Fact on or about November 16, 2018, wherein he concluded that it was the truck in front of Plaintiff's bus that suddenly and improperly stopped that caused Plaintiff to suddenly apply her brakes to avoid a collision. Additionally, Attorney Tatum concluded that Plaintiff had committed no wrong in the way she operated the bus on August 22, 2018. See Exhibit F.

18. On or about January 3, 2019, Plaintiff's Department Director, who is employed by Defendant, terminated Plaintiff's employment despite having reviewed the Hearing Officer's Findings of Fact. See Exhibit G.

19. Plaintiff appealed her termination to the Huntsville City Council.

20. The appeal was heard by the Huntsville City Council on or about February 7, 2019.

21. On or about May 2018, the Huntsville City Council heard the appeal of the termination of Reuben Smartt, a male.

22. At said hearing, Councilwoman Jennie Robinson asked the Huntsville City Attorney the following: Must the City Council accept the Hearing Officer's Finding of Facts or is the City Council free to disregard the Hearing Officer's Finding of Facts?"  Councilwoman Robinson was told in no uncertain terms by Huntsville City Attorney, Trey Riley, that "the City Council must accept the Hearing Officer's Finding of Facts" and that "the City Council is not free to disregard the Hearing Officer's Finding".  See Exhibit H.

23. In the Smartt case, the Findings of Fact indicated that Smartt had committed wrongdoing, and this served as the basis for the Huntsville City Council to vote to uphold his termination. See Exhibit I.

24. Despite accepting the Findings of Fact in the Smartt case, which involved a man, on or about February 28, 2019, Defendant refused to accept the Findings of Fact in Plaintiff's appeal and ultimately upheld her termination.  The Findings of Fact in Plaintiff's case concluded that Plaintiff committed no wrong in bring her bus to a sudden stop on August 22, 2018. See Exhibit J.

25. Plaintiff has suffered damages because of Defendant's actions.

26. Plaintiff was forced to retain counsel in order to vindicate her rights and owes a reasonable attorney's fee.

27. After being terminated from her job with the City of Huntsville, Plaintiff filed a claim for Weekly Unemployment Benefits.

28. The City of Huntsville opposed Plaintiff's claim for Weekly Unemployment Benefits and Unemployment Compensation Agency denied Plaintiff's claim for Weekly Unemployment Benefits.

29. On or about February 15, 2019, Plaintiff filed an Appeal to the Alabama Department of Labor for assignment to an appeals tribunal of the denial of claim for Weekly Unemployment Benefits.

30. Plaintiff's denial of Weekly Unemployment Benefits was heard by an Administrative Law Judge with the Alabama Department of Labor.  The denial of Weekly Unemployment Benefits was  based on the City of Huntsville contention that  Plaintiff had been guilty of misconduct in the way she drove and stopped the bus she was driving on August 22, 2018.  The August 22nd, incident is the same matter that   resulted in Plaintiff's being disciplined and ultimately being fired by her Department Head.  In a hearing held on or about March 7, 2019, the Administrative Law Judge made the same finding as that Hearing Officer, Attorney Tatum, had found in his Finding of Fact, i.e., Plaintiff committed no wrong in the way she drove and stopped the bus she was driving on August 22, 2018.  The Administrative Law Judge viewed every video, and exhibit that Hearing Officer  Attorney Tatum viewed,  and arrived at the same conclusion as that of the Hearing Officer Attorney Tatum. See Exhibit K.

31. The City of Huntsville Personnel Policies and Procedures Manual (Policies Manual) governs the City of Huntsville and its employees.

32.  Section 1.2 Basic Purpose and Objectives of the Policies Manual states:

    The purpose of these personnel policies is to bring into the City of Huntsville's municipal government the high degree of understanding, cooperation, unity, and efficiency which comes through systematic application of sound personnel administration policies, administered uniformly for all employees. The policies set forth herein promote equal employment opportunities for all qualified individuals, provide fairness and impartiality in all personnel matters, promote the morale and wellbeing of City of Huntsville employees, and promote the efficiency and economy of the municipal government.

    These personnel policies are based on the following principles:

    (A)      To establish procedures, which will serve as guidelines for administrative action, concerning the various personnel activities, benefits, and services available to employees of the City of Huntsville;

    (B)      To assure fair treatment of applicants and employees in all aspects of personnel administration without regard to political affiliation, race, color, national origin, sex, age, disability, or religious creed, and with proper regard for their privacy and constitutional rights as citizen.

       See Exhibit L.

33. Section 1.3 Departmental Rules and Regulations of the Policies Manual states:

>The policies as stated herein provide guidelines for all personnel of the City of Huntsville; however, they do not include all policies, procedures, rules, or regulations that may be necessary at an operational level. Therefore, when necessary to enhance efficiency and effectiveness at the operational level, departmental policies and procedures may be supplemented. However, no such departmental policy, procedure, rule, or regulation shall be in conflict with these basic policies. See Exhibit L.

34. Section 3.2 Equal Employment Opportunity of the Policies Manual states:

    >The City of Huntsville recognizes that, as a public body, it is responsible for the general wellbeing of its residents. As one of the major employers in Madison County, this responsibility extends to providing job opportunities and employment.

    >The City of Huntsville shall take necessary and affirmative action to eliminate equal opportunity barriers and to prohibit discrimination and/or preferred treatment concerning any individual on the basis of political or religious affiliations; on the basis of race, creed, color, disability, national origin, sex, or age (except where age or physical requirements constitute a bona fide occupational qualification necessary for proper and efficient functioning in the job); and, on the basis of any other non-merit factor.

    >Equal employment opportunity, free of discriminatory practices, shall be enforced in all facets of employment including, but not limited to, recruitment, appointment, testing, promotion, terms and conditions of employment, compensation, benefits, training, discipline, appeals, layoffs, and terminations.

    >The City of Huntsville says its responsibility extends to providing job opportunity and employment.   See Exhibit L.

## COUNT I - TITLE VII SEX DISCRIMINATION

35. Plaintiff adopts by reference the allegations of Paragraphs 1 through 34 as if re-alleged.

36. Plaintiff is a member of a protected class under Title VII.

37. Defendant engaged in unlawful employment practices and discriminated against Plaintiff because of her sex in violation of Title VII of the Civil Rights Act by using one standard in the termination of her, not abiding by the Finding of Fact, and a different standard in the termination of a male, abiding by the Finding of Fact.

38. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

## COUNT II – BREACH OF CONTRACT

39. Plaintiff adopts by reference the allegations of Paragraph 35, as if re-alleged.

40. The Policy Manual constitutes a binding contract between the City of Huntsville and its employees, including Plaintiff.

41. Plaintiff avers that Defendant breached the agreement by failing to provide fairness and impartiality in her personnel matter as mandated in Section 1.2 by failing to follow the Finding of Fact which did not support the firing of Plaintiff.

42. Plaintiff avers that Defendant breached the agreement by violating Section 1.3 which states that the Policies Manual provides the guidelines for all City of Huntsville personnel by failing to follow the Finding of Fact which did not support the firing of Plaintiff.

43. Plaintiff avers that Defendant breached the agreement by failing to provide equal employment opportunity free of discrimination as mandated in Section 3.2 by failing to follow the Finding of Fact which did not support the firing of Plaintiff.

## COUNT III – VIOLATION OF PUBLIC POLICY

44. Plaintiff adopts by reference the allegations of Paragraph 39, as if re-alleged.

45. Plaintiff avers that Defendant violated Section 1.2 of the Policies Manual by failing to provide fairness and impartiality in her personnel matter as mandated in by failing to follow the Finding of Fact which did not support the firing of Plaintiff who is a woman, but followed the Finding of Fact regarding Reuben Smartt, a male.

46. Plaintiff avers that Defendant violated Section 1.3 of the Policies Manual by failing to follow the Finding of Fact which did not support the firing of Plaintiff.

47. Plaintiff avers that Defendant violated Section 3.2 of the Policies Manual by failing to provide equal employment opportunity free of discrimination when Defendant failed to follow the Finding of Fact which did not support the firing of Plaintiff who is a woman, but followed the Finding of Fact regarding Reuben Smart, a male.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. That process issue and this Court take jurisdiction over this case;

b. Judgment against Defendant and for Plaintiff awarding compensatory damages for the Defendant's violations of law enumerated herein;

c. Judgment against Defendant and for Plaintiff, affording declaratory relief, and permanently enjoining Defendant from future violations of law enumerated herein and reinstatement for the Plaintiff, remedying all benefits of which Plaintiff has been unlawfully deprived;

    d.  Prejudgment interest;

    e.  Judgment against Defendant and for Plaintiff awarding Plaintiff her attorneys' fees and costs;

    f.  All equitable relief that is allowed by law; and

    g.  Such other and further relief as is appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

/s/ Joe N. Lampley
Joe N. Lampley/LAM004
ASB 9204-E67J
Attorney for Plaintiff
1330 Washington Street
Huntsville, Alabama  35801
(256) 535-2226/Fax:  256-535-2227
E-mail: joe.lampley@lampleylawoffices.com